PER CURIAM
*994 *650 Appellant seeks reversal of a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days and an order prohibiting him from purchasing or possessing firearms. ORS 426.130. He contends that the trial court plainly erred by not advising him of all of the possible results of the hearing and the right to subpoena witnesses, as required by ORS 426.100 (1)(c) and (d). The state concedes that the trial court's failure to advise appellant of all the possible outcomes of the hearing is plain error and requires reversal. We agree and accept the state's concession. See, e.g. , State v. M. M. , 288 Or. App. 111, 115-16, 405 P.3d 192 (2017) (holding that trial court's failure to advise appellant of all of the possible results of the proceedings was plain error and exercising discretion to correct the error). Moreover, for the reasons stated in M. M. -specifically, "the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice," id. at 116, 405 P.3d 192 (internal quotation marks omitted)-we conclude that it is appropriate to exercise our discretion to correct the error. Consequently, we reverse the judgment and the order.
Reversed.